**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN M. FITTEN,
      Appellant,

    v.

DEPARTMENT OF THE ARMY,
      Agency.

DOCKET NUMBER
SF-1221-16-0390-W-1

DATE: August 1, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven M. Fitten</u>, El Paso, Texas, pro se.

<u>Steven L. Parker</u>, APO/AP, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify that the Board lacks jurisdiction over the appellant's claims of retaliation for his activities under 5 U.S.C. § 2302(b)(9)(B) as to Vacancy Number 770787, we AFFIRM the initial decision.

## BACKGROUND

¶2    From October 1997 to November 2006, the appellant was employed by the agency as an Attorney Advisor.  Initial Appeal File (IAF), Tab 32 at 19-20.  From October 2012 to August 2015, the appellant applied to 12 vacancies with the agency.  IAF, Tab 9, Tab 28 at 4.  He was not interviewed or selected for any of the vacancies.  *Id.*  After exhausting his administrative remedies with the Office of Special Counsel (OSC) regarding the nonselections, he filed the instant IRA appeal and requested a hearing.  IAF, Tab 1.

¶3    The administrative judge found jurisdiction, held the requested hearing, and issued an initial decision denying corrective action.  IAF, Tab 53, Initial Decision (ID).  Specifically, she found that the appellant did not prove that his protected disclosures and activity were a contributing factor in the agency's decision not to hire him for 11 of the 12 vacancies.  ID at 9-24.  However, she found that the appellant proved that his protected disclosures and activity were a contributing

factor in the agency's decision not to hire him for Vacancy Number 1328199, a Supervisory Contract Specialist position.  ID at 21-22.  Nevertheless, she concluded that the agency proved by clear and convincing evidence that it would not have selected the appellant, regardless of his protected disclosures and activity.  ID at 24-29.

¶4		The appellant has filed a petition for review, and the agency has filed a response opposing the appellant's petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5		To establish a prima facie case of whistleblower retaliation regarding the nonselections, the appellant must demonstrate, by preponderant evidence, that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), that was a contributing factor in the agency's decision not to select him for the vacancies at issue.  *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016).  As the administrative judge found, the appellant made protected disclosures to the agency's Inspector General and to OSC, and engaged in protected activity.  ID at 7-8; *see* 5 U.S.C. § 2302(b)(8)(B), (9)(C).[2]  She also found that he engaged in protected activity when he assisted another employee

_____

[2] Prior to December 12, 2017, the whistleblower protection statutory schemes provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C); *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 28, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023).  Effective December 12, 2017, the National Defense Authorization Act of 2018 (NDAA for 2018) amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected.  Pub. L. No. 115-91, § 1097(c)(1), 131 Stat. 1283, 1618 (2017).  The NDAA for 2018 amendment to section 2302(b)(9)(C) is not retroactive.  *Edwards*, 2022 MSPB 9, ¶¶ 28-32.  The expansion of section 2302(b)(9)(C) does not affect the outcome of this appeal because all of the relevant events occurred prior to December 12, 2017.

with an OSC complaint.[3]  ID at 7-8; *see* 5 U.S.C. § 2302(b)(9)(B).  Accordingly, he must prove that his protected disclosures and activity were a contributing factor in his nonselections.  *Corthell*, 123 M.S.P.R. 417, ¶ 8.

¶6        An employee may prove the contributing factor element through circumstantial evidence, such as evidence that the official taking the personnel action knew of the protected disclosures or activity, and that the personnel action occurred within 1 to 2 years of the disclosures or activity.  *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015).  If the appellant fails to satisfy the knowledge/timing test, the administrative judge ordinarily shall consider whether the appellant proved contributing factor through other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the protected activity was personally directed at the proposing or deciding officials, and whether those individuals had a desire or motive to retaliate against the appellant.  *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013).

---

[3] The administrative judge found that, although the appellant engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(9)(B) in 2005 and 2007 when he assisted another employee with an OSC complaint, this activity was not a contributing factor in his nonselection for certain vacancies, including his nonselection for Vacancy Number 770787 on December 20, 2012.  ID at 8, 10-11; IAF, Tab 35 at 173.  The provision of the Whistleblower Protection Enhancement Act of 2012 (WPEA) that provides for the filing of an appeal on the basis of section 2302(b)(9)(B) became effective on December 27, 2012, which is after the appellant's nonselection for Vacancy Number 770787 on December 20, 2012.  Pub. L. No. 112-19, 126 Stat. 1465, 1465.  Accordingly, the Board lacks jurisdiction over the appellant's section 2302(b)(9) claim concerning this vacancy.  *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 10-15 (2014).  Thus, we modify the initial decision to the extent that the administrative judge considered whether the appellant's protected activity under 5 U.S.C. § 2302(b)(9)(B) was a contributing factor in his nonselection for Vacancy Number 770787.  Any error in this regard is harmless because the administrative judge based her finding that the appellant failed to prove the contributing factor element on the fact that the selecting official for Vacancy Number 770787 did not know the appellant and that there was no evidence that he, or any of the other individuals involved in the selection process, knew the appellant or knew he had engaged in prior protected activity.  ID at 10.

¶7          If the appellant proves his prima facie case, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosures or activity. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 12 (2016). In determining whether an agency has met its burden of proving that it would not have selected the appellant absent his protected disclosures or activity, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view the *Carr* factors as discrete elements and instead will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Campbell*, 123 M.S.P.R. 674, ¶ 12.

The appellant proved that his protected disclosures and activity were a contributing factor in his nonselection for Vacancy Number 1328199, but not in the other identified vacancies.

¶8          The administrative judge, in her initial decision, found that the appellant only proved that his protected disclosures and activity were a contributing factor in his nonselection for Vacancy Number 1328199. ID at 9-24. The appellant challenges her findings as to the other vacancies. PFR File, Tab 1 at 9-10, 12-15. For the reasons discussed below, we agree with the administrative judge's contributing factor determinations.

¶9          Citing hearing testimony, the administrative judge found that the individuals involved in the selections for Vacancy Numbers 770787, 1161320, 1418863, 1418855, and 1472669 did not know the appellant or had no knowledge of him beyond his applications. ID at 10-11, 19-20, 22-24. She also found, based upon her determination that his testimony was credible, that the selecting official

for Vacancy Number 821536 could not recall the appellant's protected disclosures and activity. ID at 12-15; IAF, Tab 15 at 13-14. Further, the administrative judge found that the selecting official for Vacancy Numbers 897081, 1171251, and 1076978, who testified at the hearing, did not know about the appellant's protected disclosures and activity. ID at 16-21; IAF, Tab 15 at 17-18. The administrative judge also found that, although the agency cancelled Vacancy Number JI 801049 after it obtained an exception to the hiring freeze to fill the position, and cancelled Vacancy Number 818751 when agency officials, who had been awaiting an exception to the hiring freeze, did not resubmit the position for hiring, the appellant did not proffer evidence that the cancellation was in retaliation for his protected disclosures and activity. ID at 11-12; IAF, Tab 15 at 15.

¶10      Observing that none of the officials involved in these nonselections knew of the appellant's protected activity when they made their decisions, and that there was a lapse of 5 to 12 years between the activity and the nonselections, the administrative judge found that the appellant did not establish contributing factor through the knowledge/timing test of 5 U.S.C. § 1221(e)(1). ID at 9-10; *see Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 21, 24 (2013) (explaining that a lapse of more than 2 years between the protected activity and the personnel action is too great to satisfy the knowledge/timing test). Therefore, the administrative judge also considered whether the contributing factor element might be established by alternative means, i.e., by considering evidence such as the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the relevant agency officials, and whether these individuals had a desire or motive to retaliate against the appellant. ID at 9-10; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). Nevertheless, despite a detailed and thorough analysis of the particular facts surrounding each of these 11 nonselections, the administrative judge found insufficient evidence to support a finding of

contributing factor for any of them. ID at 9-24. We see no reason to disturb these findings and the appellant has not presented any evidence that supports disturbing these findings. *See Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

> *The appellant cannot prove a claim of retaliation as a perceived whistleblower.*

¶11      The appellant next asserts that agency officials refused to hire him because of his reputation as a whistleblower. PFR File, Tab 1 at 6. He argues that, even if his protected disclosures and activity occurred more than 2 years prior to his nonselection, he still could prove a whistleblower retaliation claim based upon his status as a perceived whistleblower. *Id.* (citing *King v. Department of the Army*, 116 M.S.P.R. 689, ¶¶ 8-11 (2011)). Accordingly, he challenges the administrative judge's failure to analyze his claims of retaliation as such. *Id.* As discussed below, we disagree with this argument.

¶12      An employee is entitled to protection as a perceived whistleblower if he can show that the agency officials involved in taking the personnel action believed that he made protected disclosures or engaged in protected activity, regardless of whether he actually did so. *Rumsey*, 120 M.S.P.R. 259, ¶ 7. In a perceived whistleblower case, the issue of whether the appellant actually made protected disclosures is immaterial, and the issue of whether the agency perceived the appellant as a whistleblower will essentially stand in for that portion of the Board's analysis. *King*, 116 M.S.P.R. 689, ¶ 8. In some circumstances, such as when an appellant is alleging he was perceived to have made disclosures regarding matters distinct from his actual protected activity, it may be appropriate to engage in a perceived whistleblower analysis even when the appellant has proven that he actually made protected disclosures. However, in this case, the appellant's perceived whistleblower claim is based entirely on the same set of facts as his claim of retaliation for actual protected activity. Specifically, the appellant is claiming perceived whistleblower status based on his disclosures

concerning contracting matters, his assistance to another employee in filing a Uniformed Services Employment and Reemployment Rights Act complaint, and his notification to agency management that he had filed an OSC complaint concerning his nonselections. PFR File, Tab 1 at 6; IAF, Tab 29 at 19-21, Tab 5 at 51-55, Tab 51, Hearing Recording, Track 2 (testimony of M.G.), Track 6 (testimony of W.W.) The administrative judge considered these matters and correctly found that they constituted protected activity in their own right. ID at 7-8, 21-22, The appellant has not explained, nor do we perceive, how the outcome of the appeal would change if the Board considered these same matters under a perceived whistleblower theory. Accordingly, we find that the appellant's argument does not provide a reason for disturbing the initial decision.

> *The appellant has not demonstrated that his protected disclosures and activity were a contributing factor in his nonselection for Vacancy Numbers 897081 and 1076978 based upon his allegation that the selecting official had constructive knowledge of his disclosures or activity.*

¶13    The appellant also asserts that, although the selecting official for Vacancy Numbers 897081 and 1076978 never met him, the official had constructive knowledge of his disclosures and activity based upon the comments of other agency officials. PFR File, Tab 1 at 9-10; IAF, Tab 15 at 17-18. An appellant can show that a protected disclosure or protected activity was a contributing factor in a personnel action by proving that the official taking the action had constructive knowledge of the protected disclosure. *Bradley v. Department of Homeland Security*, [123 M.S.P.R. 547](#), ¶ 15 (2016). He may establish an official's constructive knowledge of a protected disclosure or protected activity by demonstrating that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.*

¶14    The administrative judge considered the testimony of the other agency officials specified by the appellant and found that the individuals did not know of the disclosures or activity at the time of the appellant's nonselection. ID at 13-14, 16-17. Specifically, she considered the testimony of one of the officials

that, although he recalled the occurrence of certain investigations that arose in the early 2000s, he did not recall that the investigations arose from the appellant's disclosures or activity. ID at 13-14. She also found that, although the selecting official consulted with the other employee, the other employee's testimony reflected that he was not aware of the appellant's prior disclosures. ID at 16-17. Based on these well-reasoned conclusions, we find that the appellant did not establish that the individuals involved in the selection process had actual knowledge of his disclosures or activity and that the selecting official did not have constructive knowledge of the appellant's disclosures. *See Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 11 (2000) (finding that the appellant failed to prove that his protected disclosures were a contributing factor in a personnel action because he did not show that the employee relations specialist knew of his disclosures or that individuals with actual knowledge of the disclosures influenced her). Thus, we agree with the administrative judge that the appellant only proved that his protected disclosures and activity were a contributing factor in his nonselection for Vacancy Number 1328199. ID at 9-24.

<u>The agency proved by clear and convincing evidence that it would not have selected the appellant regardless of his protected disclosures or protected activity.</u>

¶15     The administrative judge found that the agency proved by clear and convincing evidence that it would not have selected the appellant for Vacancy Number 1328199, a Supervisory Contract Specialist position, regardless of his protected disclosures and activity, because the agency had strong reasons for not selecting him and it only had a slight motive to retaliate against him. ID at 24-29. The appellant challenges the administrative judge's findings regarding *Carr* factor one: the strength of the agency's reasons for not selecting him.[4] PFR File, Tab 1 at 7-8, 10-12. In particular, he argues that the agency did not properly

---

[4] The appellant has not challenged, and we discern no basis to disturb, the administrative judge's analysis concerning *Carr* factors two and three.

consider his qualifications and failed to properly weigh his education, training, work experience, awards, and references. *Id.* Further, he asserts that the agency "blacklisted him" and found that he did not have recent experience, even though he did. *Id.* at 9.

¶16    The administrative judge found that the agency had strong reasons for not hiring the appellant, who was 1 of 61 applicants. ID at 25; IAF, Tab 15 at 87-98. She considered the testimony of agency officials involved in the selection who stated that they considered that the appellant did not take a relevant leadership course. ID at 25. They also considered each applicant's contracting officer experience, contract specialist experience, and supervisory experience, including length, level, and recency of such experience. ID at 25-27. Another official testified that the appellant's experience was more than 15 years old and that relevant processes and procedures had changed in the past 15 years based upon new technology. ID at 26. Although the appellant asserted that his years as an attorney handling contracting matters and his experience from 2011 to 2015 as an adjunct professor constitute recent contracting experience that reflects his current capability to handle the position, the administrative judge found compelling the testimony of agency officials who stated that this did not constitute recent relevant experience. ID at 26-27.

¶17    We must defer to the administrative judge's findings crediting the testimony of these agency officials because they are implicitly based upon the credibility and demeanor of these witnesses. *See Purifoy*, 838 F.3d 1367, 1372 (Fed. Cir. 2016). Further, we agree with the administrative judge that the individuals who were selected for the position had significantly more recent relevant experience than did the appellant. ID at 29; IAF, Tab 15 at 99-133. Accordingly, we agree with the administrative judge's findings that the agency had strong reasons for not selecting the appellant and that the agency, therefore, proved by clear and

convincing evidence that it would have made the same decision absent his protected disclosures and activity.[5]  ID at 24-29.

The appellant's remaining arguments do not provide a reason for disturbing the initial decision.

¶18    The appellant asserts that the administrative judge erred by failing to compel evidence from an individual that related to the protected activities and OSC complaint of another employee that he assisted while he was employed at the agency.  PFR File, Tab 1 at 16.  He also argues generally that the administrative judge improperly denied testimony that would have established his qualifications for the relevant positions and the knowledge of agency officials about his protected disclosures and activity.  *Id.*  An administrative judge has broad discretion in ruling on discovery matters, and absent an abuse of discretion, the Board will not find reversible error in such rulings.  *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 16 (2016).  The appellant's arguments do not demonstrate an abuse of discretion and thus they do not provide a reason for disturbing the initial decision.

¶19    The appellant also asserts that the administrative judge should not have accepted the agency file because it was submitted after the filing deadline.  PFR File, Tab 1 at 16.  The administrative judge issued a jurisdiction order on April 5, 2016, and ordered the agency to respond by April 25, 2016.  IAF, Tab 3.  On April 22, 2016, the agency requested an extension of this deadline, which the administrative judge granted until May 3, 2016.  IAF, Tabs 6-7.  The agency filed

---

[5]  The appellant asserts that he should have been considered for noncompetitive placement for "Vacancy 80149."  PFR File, Tab 1 at 6, 15.  To the extent that the appellant is attempting to refer to Vacancy Number JI 801049, this vacancy was cancelled and thus his argument does not provide a reason for disturbing the initial decision.  IAF, Tab 15 at 226.  The appellant further argues that the administrative judge should have addressed his argument that the agency improperly denied him noncompetitive placement for all vacancies.  PFR File, Tab 1 at 6.  The appellant has provided no basis to support this argument, and thus, it also does not provide a reason for disturbing the initial decision.  *See Broughton*, 33 M.S.P.R. at 359.

its response on that date. IAF, Tab 8. The administrative judge ordered the agency to submit the agency file by May 12, 2016, and it did so. IAF, Tabs 9, 15. To the extent that the appellant is challenging the administrative judge's ruling to grant the agency an extension to file its jurisdictional response or otherwise challenges the agency's submission of the agency file, we find that he has not demonstrated the administrative judge's abuse of discretion in any way. Thus, he has not provided a reason for disturbing the initial decision. *See Kingsley*, 123 M.S.P.R. 365, ¶ 16.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.